UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEUMAL FRED HENTZ,                                    Case No. 2:19-cv-01651-MC

              Plaintiff,                              OPINION AND ORDER

      v.

SNAKE RIVER CORRECTIONAL
INSTITUTION, et al.,

              Defendants.
_____

MCSHANE, District Judge:

       Plaintiff, an inmate at the Snake River Correctional Institution (SRCI), filed this action

pursuant to 42 U.S.C. § 1983 and alleged violations of his rights protected by the First, Fourth,

and Fourteenth Amendments. Defendants move for summary judgment on grounds that plaintiff

failed to exhaust his administrative remedies and cannot establish a violation of his constitutional

rights. Defendants' motion is GRANTED.

<u>DISCUSSION</u>

       Plaintiff initially filed a Complaint alleging five claims for relief. This Court granted

defendants' motion to dismiss plaintiff's Fifth Cause of Action alleged against SRCI, and

1    - OPINION AND ORDER

plaintiff voluntarily dismissed his First and Fourth Causes of Action alleged against several Doe defendants. Remaining are plaintiff's Second Cause of Action alleged against defendants Foley and Taylor and his Third Cause of Action alleged against defendants Taylor, Cox, Frank, Gilmore, and Nooth.

Defendants move for summary judgment on these claims. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A.  Second Cause of Action

In his Second Cause of Action, plaintiff alleges that Officer Foley violated his rights against unreasonable seizure and retaliation by searching plaintiff's cell and confiscating sixty-five batteries. Plaintiff further alleges that Grievance Coordinator Taylor retaliated against him by withholding a grievance response form and interfering with plaintiff's attempts to grieve Officer Foley's actions.

Defendants argue that plaintiff failed to complete the prison grievance process for his claim against Officer Foley, and it is barred as a result. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendants also argue that plaintiff presents no evidence showing a violation of his constitutional rights.

Regardless of exhaustion, I agree that plaintiff's claim against Officer Foley fails on the merits. Under well-established Supreme Court precedent, plaintiff had no reasonable expectation

of privacy in his cell and Officer Foley's search did not violate his Fourth Amendment rights. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (holding that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"). To the extent plaintiff alleges that his property was confiscated without due process, he cannot pursue a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). Oregon provides an adequate post-deprivation remedy through the Oregon Tort Claims Act. *Gutierrez v. Williams*, 505 Fed. App'x 659, 660 (9th Cir. Jan. 17, 2013) (citing Or. Rev. Stat. § 30.260 et seq).

Further, plaintiff cannot sustain claims of First Amendment retaliation against Officer Foley or Taylor. Plaintiff must allege five basic elements to establish retaliation: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff identifies no protected conduct that preceded the search of his cell and presents no evidence that Officer Foley was motivated by retaliatory animus. Further, plaintiff apparently possessed more batteries than allowed by prison regulations, and he cannot show that Officer Foley's actions failed to advance a legitimate correctional purpose. Wiley Decl. Att. 5 at 10.

Similarly, plaintiff fails to show that Taylor acted in a retaliatory manner when he allegedly failed to return a grievance response form to plaintiff. Plaintiff presents no evidence suggesting that Taylor, in fact, withheld the grievance form or that he did so because of plaintiff's protected conduct.

Finally, plaintiff takes issue with the fact that Taylor responded to the initial grievance directed at Officer Foley. However, "prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (citation omitted); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure).

Accordingly, summary judgment is granted on plaintiff's Second Cause of Action.

B.  Third Cause of Action

Plaintiff's Third Cause of Action arises from a grievance he filed about Taylor's actions. In Grievance No. SRCI-2018-07-087, plaintiff complained that Taylor withheld the grievance response form when responding to plaintiff's appeal of the grievance directed at Officer Foley's conduct. Wiley Decl. Att. 6 at 12. Taylor responded to Grievance No. SRCI-2018-07-087, and Taylor's response was approved by defendant Franks. *Id.* Att. 6 at 10. Plaintiff appealed, and Superintendent Cain issued a response. Plaintiff filed a second appeal, and defendant Nooth's response completed the grievance process. *Id.* Att. 6 at 1.

Plaintiff alleges that Grievance No. SRCI-2018-04-087 is not included in his "Inmate Grievance Log," and its omission gives rise to an inference that defendants Taylor, Cox, Franks, Gilmore, and Nooth did not process the grievance and intended to punish plaintiff for utilizing the grievance process. These actions do not give rise to a retaliation claim. Defendants responded to Grievance No. SRCI-2018-04-087 and they concede that plaintiff completed the grievance process. Moreover, an omission from plaintiff's Inmate Grievance Log does not constitute "adverse action" taken against him.

Plaintiff also argues that defendant Cox retaliated against him by denying two grievances. Aside from the fact that plaintiff prevent no evidence of retaliatory motive, the denial of a

grievance, standing alone, is de minimis action and insufficient to establish a claim of First

Amendment retaliation. *See, e.g., Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa.) (finding

that the rejection or denial of prison grievances does not constitute adverse action for purposes of

a retaliation claim), *aff'd*, 358 Fed. App'x 302 (3d Cir. 2009); *Colvin v. Horton*, 2019 WL

3927425, at *12 (W.D. Mich. Aug. 20, 2019) (holding that the failure to process a grievance is

not adverse action); *Garcia v. Sleeley*, 2019 WL 2234789, at *9 (S.D. Cal. May 22, 2019); *Dicey

v. Hanks*, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) ("[T]he denial of a grievance

neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a

prisoner of 'ordinary firmness' from further First Amendment activities"); *Frazier v. Zavaras,*

2011 WL 4537001, at *9 (D. Colo. Sept. 30, 2011) (stating that the "denial of an administrative

grievance is not an 'adverse action'"). Accordingly, summary judgment is warranted on

plaintiff's Third Cause of Action.

<u>CONCLUSION</u>

Defendants' Motion for Summary Judgment (ECF No. 13) is GRANTED, and this action

is DISMISSED. Any appeal from the Order or Judgment dismissing this case would be frivolous

and not taken in good faith, and plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this  29<u>th</u> day of March, 2021.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge

5    - OPINION AND ORDER